IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DEEP SOUTH <br> COMMUNICATIONS L.L.C. ) ) ) ) v. ) ) PETER M. FELLEGY ) | CIVIL ACTION <br><br> NO. 22- 00598-JWD-EWD |

**PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTIVE RELIEF**

**NOW INTO COURT**, through undersigned counsel, come Plaintiff, Deep South Communications L.L.C. ("Deep South") pursuant to Rule 65 of the Federal Rules of Civil Procedure and moves this Court for a Temporary Restraining Order ("TRO") and Preliminary Injunction against Defendant, Peter M. Fellegy ("Fellegy"). Through the subject motion, Deep South seeks to enforce certain contractual obligations pursuant to the Confidentiality and Restrictive Covenant Agreement (the "Agreement")[1] that Fellegy entered into in conjunction with his employment with Deep South, including Fellegy's obligation not to compete with Deep South, his obligation not to solicit Deep South's clients, and his obligation not to use or exploit Deep South's confidential information.

As more fully set forth in the accompanying Memorandum in Support, Verified Complaint for Injunctive and Other Relief, and Exhibits thereto, which are incorporated herein by reference, Deep South has satisfied the requirements for issuing a TRO and Preliminary Injunction and has demonstrated why a TRO should be issued without notice, notwithstanding efforts made to provide notice to Fellegy.

---

[1] The Agreement is attached to the Verified Complaint for Injunctive and Other Relief. *See* Doc. 1-2.

1

**FACTUAL BACKGROUND**

1. Deep South is a telecommunications contractor specializing in microwave communications design and construction, fiber optics communications, distributed antenna systems, intelligent transportations systems, communications tower build-outs and maintenance, cellular and microwave maintenance, and build-outs. Deep South markets to, prospects for, and provides services to customers throughout Louisiana and elsewhere in the United States.

2. Fellegy served in the trusted positions of Vice President and Manager of Business Development for Deep South from May 2017 until his resignation effective February 22, 2022.

3. Fellegy and Deep South entered into a Confidentiality and Restrictive Covenant Agreement effective May 18, 2017.

4. Three specific contractual obligations under the Agreement are implicated in this case: (a) Section 5B, non-competition; (b) Section 5C, non-solicitation of customers; and (c) Section 4, non-disclosure of confidential information.

   (a) **Non-Competition:** Under Section 5B of the Agreement, Fellegy promised he would not directly or indirectly "engage in any business that directly or indirectly competes with or is similar to" Deep South's business. These restrictions apply for two years after his employment ends in the counties and parishes specifically named in Exhibit A to the Agreement.

   (b) **Non-Solicitation:** Under Section 5C of the Agreement, Fellegy promised he would not "directly or indirectly solicit, request, seek, or obtain" the business of Deep South's clients for his benefit or any entity other than Deep South and that he would not "directly or indirectly solicit, request, influence, induce or otherwise encourage" any of Deep South's clients to "restrict, cease or limit doing business with" Deep South.

        These restrictions apply for two years after his employment ends in the counties and parishes specifically named in Exhibit A to the Agreement.

    (c) **Non-Disclosure of Confidential Information:** Under Section 4 of the Agreement, Fellegy promised that he would not "communicate, divulge, or make available to any person or entity … any Confidential Information…." Confidential Information is defined in Section 3 of the Agreement to include "business plans and strategies; business processes; research and development; training and other operational methods and techniques; manuals, policies, and procedures; business records and files; business proposals; client lists; client information; client source lists; purchasing methods; pricing; sales plans and activities; customer service strategies or activities; marketing and other technical data and studies; employment and other personnel data; financial plans, reports, and strategies; profits and losses; budgets; projections; price lists; sales, promotional, and marketing strategies and information; proprietary computer software and data; and internal correspondence, notes, and memoranda relating to any of the foregoing…."

5.    Fellegy has breached each of these provisions and is continuing to do so even after Deep South reminded him of his obligations under the Agreement following his resignation and sent him a cease and desist letter on August 26, 2022.

6.    Within months of resigning from Deep South, Fellegy obtained employment with one of Deep South's direct competitors, End 2 End Technologies ("E2E"), and began performing the same or similar services for E2E as he did for Deep South, in direct violation of the Agreement's non-competition provision.

7. Deep South's President, Rhett Westerman, contacted Fellegy about his employment at E2E and violation of the Agreement, and Fellegy admitted that he knew he was in violation of the Agreement.

8. To date, Fellegy remains in violation of the Agreement and his violations have impacted at least one of Deep South's relationships with its clients, diverting business from Deep South to E2E, in direct violation of the Agreement's non-solicitation provision.

9. Fellegy is likely using and will presumably continue to use the confidential information he received during his employment with Deep South for his own and/or other third party's benefit in violation of the Agreement's non-disclosure of confidential information provision.

10. Fellegy has not ceased his improper activity notwithstanding Deep South's demands.

## A TEMPORARY RESTRAINING ORDER IS NECESSARY AND NOTICE IS NOT REQUIRED

11. The Agreement Deep South seeks to enforce complies with the requirements of Louisiana Revised Statute 23:921 in that it is reasonably limited in scope (non-competition and non-solicitation of customers), time (two years post-employment), and geography (counties and parishes expressly named in Exhibit A to the Agreement).

12. In its Memorandum in Support, Deep South has shown a likelihood of success on the merits, a likelihood of suffering irreparable harm in the absence of the relief sought, that the threatened injury to Deep South outweighs any potential harm to Fellegy, and that the relief will not disserve the public interest.

13. Fellegy has refused to honor the parties' Agreement even after Deep South notified him of his violations and demanded his compliance on multiple occasions, such that a TRO should be issued without further notice to Fellegy.

14. Undersigned counsel for Deep South has provided Fellegy a courtesy copy of the Verified Complaint for Injunctive and Other Relief and this Motion and related filings by email and will serve Fellegy with the pleadings and papers as required by applicable rules.

WHEREFORE, for the foregoing reasons and for the reasons more fully set forth in the Memorandum in Support, the Verified Complaint for Injunctive and Other Relief, , and supporting Exhibits, Deep South respectfully moves this Court for injunctive relief substantially in the form of the Proposed Temporary Restraining Order filed contemporaneously herewith.

BY ATTORNEYS:

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC**

*s/Jennifer L. Anderson*
Jennifer L. Anderson (La. Bar No. 23620)
450 Laurel Street, 21st Floor
Baton Rouge, Louisiana 70801
Telephone: (225) 381-7020
Facsimile: (225) 343-3612
Email: jlanderson@bakerdonelson.com

AND

Emily Olivier Kesler (La. Bar No. 37747)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5927
Facsimile: (504) 585-6925
Email: ekesler@bakerdonelson.com

*Counsel for Deep South Communications L.L.C.*

## **CERTIFICATE OF SERVICE**

I hereby certify that service of a copy of the foregoing pleading or paper on the Defendant shall be made in the manner and time as may be required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

                                                            */s/Jennifer L. Anderson*
                                                              Jennifer L. Anderson