UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DEEP SOUTH COMMUNICATIONS L.L.C,** § § § § *Plaintiff,* § § v. § § **PETER M. FELLEGY,** § § *Defendant.* § § | Civil Action No. 3:22-cv-00598-JWD-EWD Judge Judge John W. deGravelles Magistrate Judge Erin Wilder-Doomes |

### SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND ITS OPPOSITION TO MOTION FOR TEMPORARY RESTRAINING ORDER

Pursuant to the Court's Order (R. Doc. 36), Defendant Peter Fellegy ("Mr. Fellegy") files this Supplemental Memorandum in Support of Defendant's Rule 12(b)(2) Motion to Dismiss Plaintiff's Complaint for Lack of Personal Jurisdiction (R. Doc. 16) and its Opposition to the Motion for Temporary Restraining Order (R. Doc. 17).

The 4,301 pages of exhibits that Plaintiff Deep South Communications L.L.C. ("Deep South") dumped onto this Court and Mr. Fellegy do not change the fact that personal jurisdiction does not exist over Mr. Fellegy and a temporary restraining order is inappropriate in this case. In fact, the exhibits related to Deep South's geographical footprint and service offerings support the denial of Deep South's Motion for Temporary Restraining Order. As a result, Mr. Fellegy's Motion to Dismiss for Lack of Personal Jurisdiction should be granted, and Deep South's Motion for Temporary Restraining Order should be denied.

**A. Deep South's additional exhibits do not show any contacts between Mr. Fellegy and Louisiana that are relevant to this case.**

With its exhibits, Deep South doubles down on its incorrect argument that *any* contact with Louisiana is relevant to support specific personal jurisdiction. Its exhibits outline business trips to

1

Louisiana (most of which were disclosed by Mr. Fellegy based on his memory in his declaration in support of his Motion to Dismiss) and discussions with Louisiana contacts regarding work for Deep South. None of these contacts are at issue in this dispute. None of them relate to the execution of the Confidentiality and Restrictive Covenant Agreement ("Agreement") or how Mr. Fellegy is currently competing against Deep South. The exhibits also do not implicate any issues surrounding Deep South's non-solicitation or use of confidential information claims. Instead, it seeks to establish personal jurisdiction over Mr. Fellegy based on Deep South's residency, which is explicitly prohibited by the Fifth Circuit. *Inmar Rx Solutions, Inc. v. Devos, Ltd.*, 786 Fed.Appx. 445 (5th Cir. 2019). As a result, Deep South's exhibits do not establish personal jurisdiction exists over Mr. Fellegy in Louisiana courts.

    **B. Deep South's exhibits establish that the overbreadth of the geographical scope of the unenforceable Agreement.**

Here, Deep South's exhibits definitively show that the geographical limitation of the Agreement is overbroad on its face. According to its own exhibits, Deep South *does not* maintain customers and/or physical locations in the vast majority of the territory listed in the Agreement. Deep South seeks to restrict Mr. Fellegy from working for End 2 End Technologies, Inc. ("End 2 End") in every parish and county of 16 states. Yet, its own exhibits show that Deep South's clients and projects are only located in a fraction of those parishes and counties. By its own admission through the exhibits, the geographic scope of the Agreement is overbroad and unenforceable.

Deep South's argument, via its exhibits, that mere solicitation in the remaining territory is sufficient to enforce the geographical scope is both untenable and contrary to a long line of Louisiana case law that requires an actual customer and/or physical location in the listed parishes and counties. First, such a standard would be impossible to enforce given the subjectivity in the definition of solicitation. Second, Louisiana courts have routinely required an actual customer or

physical location in the listed parishes and counties. *Vartech Sys., Inc. v. Hayden*, 951 So.2d 247, 258 (La. Ct. App. 2006); *McLaughlin v. BancorpSouth Ins. Servs., Inc.*, 17-CV-7604, 2018 WL 1035083, at *5 (E.D. La. Feb. 23, 2018). Deep South's attempt to circumvent the geographic limitations requirement of La. R.S. § 23:921 runs contrary to the long-established precedent set by Louisiana courts that such agreements are disfavored and should be narrowly construed.

Deep South, as the architect and drafter of the Agreement, had an obligation to narrowly tailor the geographical scope of the territory to comply with the public policy against such agreements. *See* La. R.S. § 23:921; *SWAT 24 Shreveport Bossier, Inc. v. Bond*, 808 So.2d 294, 298 (La. 2001). Deep South clearly has not done so and relies on this Court to re-write the Agreement. Such reliance is inappropriate. *J&S Resources, LLC v. R-4, LLC*, 63 So.3d 393, 395-396 (La. Ct. App. 2011) (rejecting an ex-employee's request to reform an overly broad geographical provision in a non-compete agreement noting that the court should not be "in the business of either saving or writing a contract that is not generally favored by law"). Additionally, given Deep South's burden to show an enforceable non-compete agreement to restrain Mr. Fellegy pursuant to a TRO, it has failed to meet that burden. *See id.*

**C. Deep South's additional exhibits do not establish that the scope of the activity restricted is narrowly tailored.**

Deep South's lack of any exhibits related to how End 2 End or Mr. Fellegy is actually competing is also telling given the breadth of exhibits it has put before the Court. Of the 4,301 pages presented by Deep South, none of the exhibits establish what Mr. Fellegy actually does for End 2 End and how that conduct is a competitive threat to Deep South. Deep South's exhibits again focus only on its business model and fails to establish any threat from either End 2 End or Mr. Fellegy. In fact, the exhibits appear to establish End 2 End as a potential *customer* rather than a competitor. (*See e.g.* Doc. 41, Exh. 6-8.) Additionally, there are no exhibits related to what Mr.

3

Fellegy actually does for End 2 End and how that threatens Deep South. Deep South's Motion for Temporary Restraining Order relies on an argument that (1) End 2 End is a competitor; (2) Mr. Fellegy works for End 2 End; ergo (3) Mr. Fellegy is competing with Deep South. The additional exhibits appear to challenge the first conclusion and do not in any way elaborate on the second or third conclusions.

Deep South's request to restrict Mr. Fellegy from working for End 2 End *in any capacity* within the overbroad territory is not supported by any of its additional exhibits or Louisiana case law. *Paradigm Health System, L.L.C. v. Faust*, 218 So.2d 1068, 1073 (La. Ct. App. 2017) (mandates that an "employer is only entitled to keep ex-employees from competing with the employer's actual business, not some overblown contractual definition of business designed to cover the proverbial waterfront and keep ex-employees from being able to make a living in any segment of the ex-employer's industry.") Deep South's motion should, therefore, be denied, notwithstanding the additional exhibits submitted by Deep South.

/s/ Andrew P. Burnside
Andrew P. Burnside, T.A., La. Bar No. 14116
Claire R. Pitre, La. Bar No. 36257
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
701 Poydras Street, Suite 3500
New Orleans, Louisiana 70139
Telephone: 504.648.3840
Facsimile: 504.648.3859
Email:  drew.burnside@ogletreedeakins.com
            claire.pitre@ogletreedeakins.com

—and—

        Michelle Renee Maslowski, In. Bar No. 27238-49
        Admitted *Pro Hac Vice*
        Maslowski Law
        5602 Elmwood Avenue, Suite 104
        Indianapolis, Indiana 46203
        Telephone: 317.854.3811
        Email: michelle.maslowski@maslowskilaw.com

        ***Attorneys for Defendant, Peter Fellegy***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been filed via the Court's Electronic Filing System, which provides for service on all parties.

This 28th day of October, 2022.

        */s/ Andrew P. Burnside*
        Andrew P. Burnside